Irene Karbelashvili, Esq. (SBN 232223)
Irakli Karbelashvili, Esq. (SBN 302971)
AllAccess Law Group
1400 Coleman Ave Ste F28
Santa Clara, CA 95050
Telephone: (408) 295-0137
Fax: (408) 295-0142
irene@allaccesslawgroup.com
irakli@allaccesslawgroup.com

*Attorneys for Plaintiff Eleanor Foresta*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELEANOR FORESTA,<br><br>Plaintiff,<br><br>vs.<br><br>SANTA CRUZ COMPREHENSIVE IMAGING, LLC; RADIOLOGY MEDICAL GROUP OF SANTA CRUZ COUNTY, INC.,<br><br>Defendants | Case No. 24-cv-3675<br><br>*Civil Rights*<br><br>**COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES:**<br><br>1. Violation of Title III of the Americans with Disabilities Ac<br>2. Violation of the Unruh Civil Rights Act;<br>3. Violation of Section 1557 of the Patient Protection and Affordable Care Act<br>4. Violation of the California Disabled Persons Act<br>5. Violation of the California Health and Safety Code, §§19955 *et seq.*<br>6. Negligence<br><br>**DEMAND FOR JURY TRIAL** |

1
COMPLAINT
*FORESTA V. SANTA CRUZ COMPREHENSIVE IMAGING, LLC, ET AL.,*

# INTRODUCTION

1. This is a civil rights action for disability discrimination. Plaintiff Eleanor Foresta ("Plaintiff") seeks injunctive and declaratory relief, damages, attorney's fees, costs, and litigation expenses pursuant to the Americans with Disabilities Act of 1990 (ADA), Section 1557 of the Patient Protection and Affordable Care Act (ACA), the California Unruh Civil Rights Act, Section 11135 of the California Government Code, the California Disabled Persons Act, the California Health and Safety Code, and claims of negligence against Defendants Santa Cruz Comprehensive Imaging, LLC; and Radiology Medical Group of Santa Cruz County, Inc. ("Defendants"), the owners and operators of the medical facility located at 1661 Soquel Dr Bldg G, Santa Cruz, CA 95065 ("Medical Facility").

# JURISDICTION

2. This Court jurisdiction over this action pursuant to 28 U.S.C. § 1331 for violations of federal law and supplemental jurisdiction for claims brought under parallel California law, arising from the same nucleus of operative facts pursuant to 28 U.S.C. § 1367.

# VENUE

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b). The real property which is the subject of this action is in this district, and Plaintiff's causes of action arose in this district.

# PARTIES

4. At all times relevant to this Complaint, Plaintiff has been a person with a disability within the meaning of the ADA and California law. Plaintiff has been physically disabled for over 28 years, suffering from multiple disc bulges, spinal cord compression, stenosis, significant arthritis, and bilateral carpal tunnel syndrome. Consequently, Plaintiff experiences issues with coordination, mobility, range of motion (including pulling, pushing, and lifting), strength, particularly in her arms, hands, and legs. She also has significant difficulties writing, turning pages, and holding items. These physical impairments significantly limit major life activities, such as walking, which necessitates the use of a wheelchair for mobility, and performing manual tasks. Plaintiff possesses a disabled parking placard issued by the State of California and is, and

has been at all relevant times, a resident of Santa Cruz, California.

5. Defendants are, and at all relevant to this Complaint, were the owners, operators, lessors, and lessees of the businesses, properties, facilities, and/or portions thereof located at 1661 Soquel Dr. Building G, Santa Cruz, CA 95065.

6. Plaintiff is informed and believes that each of the Defendants herein is the agent, servant, employee, and/or representative of each of the other Defendants and performed all acts and omissions stated herein within the scope of such agency or employment or representative capacity and/or as part of a joint venture and common enterprise with one or more of the other Defendants, and is responsible in some manner for the acts and omissions of the other Defendants in proximately causing the damages complained of herein. All actions alleged herein were done with the knowledge, consent, approval, and ratification of each of the Defendants here, including their managing agents, owners, and representatives.

## FACTUAL ALLEGATIONS

7. The Medical Facility, including, but not limited to, its parking facilities, paths of travel, entrances, and procedures are each a "public accommodation" and part of a "business establishment," subject to the requirements of multiple categories of § 301(7) of the ADA (42 U.S.C. § 12181(7)(F)), and of California Civil Code §§ 51 *et seq*.

8. Plaintiff has sought mammogram care at the Medical Office on numerous occasions. On one occasion she also sought ultrasound care at the Medical Office. During each visit, she repeatedly encountered difficulties accessing the Medical Office in her wheelchair due to an excessive threshold at the entrance and an excessively heavy entrance door that closed too quickly. Each time she visited, Plaintiff used her wheelchair and required assistance to navigate the threshold. Plaintiff's caregiver had to tip the front of the wheelchair all the way back and then lift it up for the back wheels to get over, which caused a strain on Plaintiff's neck and spine. Additionally, the caregiver had to hold the door open and maneuver her through the entrance simultaneously. On February 28, 2023, the door hit Plaintiff's left shoulder, resulting in shooting pain that continues up to present time whenever she moves her arm a certain way. Plaintiff took

pain medication to address her injury. Plaintiff needs to return to the Medical Facility for further care, but she is unable to do so safely as long as the threshold and the door remain inaccessible to her. Plaintiff will return when the Medical Office is made accessible to her.

9.     Plaintiff seeks an injunction to protect the rights of disabled persons, including Plaintiff, under federal and state law. Plaintiff also seeks an award of statutory damages, compensatory damages, treble damages, punitive damages, and an award of statutory attorney fees, litigation expenses and costs.

## FIRST CAUSE OF ACTION:

## VIOLATION OF TITLE III OF THE ADA

### [42 U.S.C. § 12181, *et seq.*]

10.     Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all paragraphs of this Complaint and incorporates them herein by reference as if separately repled.

11.     Plaintiff is a "qualified individual with a disability" for purposes of § 12188(a) of the ADA who is being subjected to discrimination based on disability in violation of Title III and who has reasonable grounds for believing he will be subjected to discrimination each time that he may attempt to use the subject facilities. Plaintiff has impairments that substantially limit one or more major life activities.

12.     "Private entities" that are "public accommodations" under the ADA include a "professional office of a health care provider, hospital, or other service establishment," such as the Medical Facility. *See* 42 U.S.C. § 12181(7)(F).

13.     Defendants have discriminated against Plaintiff in violation of Title III of the ADA by the following (without limitation): (a) providing benefits that are unequal to that afforded to people without disabilities by not providing an accessible features; (b) failing to make reasonable modifications in policies, practices, or procedures (at the Medical Facility) when such modifications are necessary to afford, and would not fundamentally alter the nature of, the goods, services, facilities, privileges, advantages, or accommodations to individuals with

disabilities; (c) failing to take steps as may be necessary to ensure that no individual with a disability is excluded, denied service, segregated, or otherwise treated differently than other individuals because of the absence of auxiliary aids and services; (d) failing to construct and/or alter the Medical Facility in compliance with applicable federal standards for accessibility; (e) failing to remove architectural barriers that are structural in existing facilities where such removal is readily achievable; and (f) where Defendants can demonstrate the removal of architectural barriers is not readily achievable, failing to make the goods, services, facilities, privileges, advantages, or accommodations available through alternative methods if such methods are readily achievable.

14. Here, having an accessible entrance to the Medical Office is a fundamental necessity. Without this ability, Plaintiff is unable to available herself of the goods and services offered at the Medical Facility on a full and equal basis. Therefore, the benefits of creating access does not exceed the costs of readily achievable barrier removal. These costs are fundamental to doing business, like any other essential function of operating a public accommodation. It is thus readily achievable to remove these barriers. Furthermore, these are the types of barriers identified by the Department of Justice that are presumed to be readily achievable to remove.

15. The acts and omissions of Defendants set forth herein were in violation of Plaintiff's rights under the ADA and the regulations promulgated thereunder, 28 CFR Part 36 *et seq.*

16. On information and belief, Defendants have continued to violate the law. If Defendants do not make necessary modifications in policies, practices, or procedures, and do not remove the architectural barriers, Plaintiff will be harmed again.

17. Pursuant to section 42 U.S.C. 12188, Plaintiff is entitled to the remedies and procedures set forth in section 204(a) of the Civil Rights Act of 1964, 42 U.S.C. 2000(a)-3(a), as Plaintiff is being subjected to discrimination on the basis of disability in violation of the ADA or has reasonable grounds for believing that she is about to be subjected to discrimination.

WHEREFORE, Plaintiff requests relief as outlined below.

**SECOND CAUSE OF ACTION:**

# VIOLATION OF UNRUH CIVIL RIGHTS ACT

### [California Civil Code Section 51, *et seq.*]

18. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all paragraphs of this Complaint and incorporates them herein by reference as if separately repled.

19. At all relevant times to this Complaint, Defendants were and are the owners, operators, lessors, and lessee of the Medical Facility, a business establishment within the meaning of the Unruh Act.

20. Defendants have violated the Unruh Act by their acts and omissions including, but not limited to:

    a. Failing to provide accessible features at the Medical Facility for Plaintiff and others with similar disabilities;

    b. Failing to construct, alter, and/or maintain the Medical Facility in compliance with state building code and state architectural requirements;

    c. Failing to modify their policies and procedures as necessary to ensure Plaintiff full and equal access to the accommodations, advantages, facilities, privileges, or services;

    d. Failing to maintain existing accessible features, policies, and procedures;

    e. Violation of the ADA, a violation of which is a violation of the Unruh Act. Civil Code § 51(f).

21. As a result of Defendants' and their agents' acts and omissions, Plaintiff has experienced barriers to access at the Medical Facility and its related facilities/premises, all of which have caused her major frustration, embarrassment, feelings of inadequacy, difficulty, apprehension of injury, and/or other injuries because of the discrimination she experienced and other unlawful acts of Defendants.

22. Upon information and belief, the Medical Facility is also illegally inaccessible in multiple other respects. Upon further investigation and through the discovery process, Plaintiff will establish that these barriers relate to her disabilities and will prohibit her from accessing the subject facilities in the future.

23. With respect to Defendants' violations of the Unruh Act that are not predicated on

violations of the ADA, Defendants' behavior was intentional: before the construction of or alteration of the subject premises, they were aware of and/or were made aware of their duties to refrain from establishing or creating discriminatory policies and physical barriers that prevent persons with mobility disabilities from obtaining full and equal access to the subject premises and its accommodations. Plaintiff has complained to Defendants and requested that she be provided full and equal access during future visits, to no avail. Defendants have thus engaged in willful affirmative misconduct in violating the Unruh Act.

24. Plaintiff's injuries are ongoing and will continue so long as Defendants do not modify their policies and procedures and provide fully accessible facilities for Plaintiff and other people with mobility disabilities.

WHEREFORE, Plaintiff requests relief as outlined below.

## THIRD CAUSE OF ACTION:

## VIOLATION OF THE PATIENT PROTECTION AND AFFORDABLE CARE ACT

## [42 U.S.C. § 18116]

52. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all paragraphs of this Complaint and incorporates them herein as if separately repled.

53. At all times relevant to this action, the ACA has been in full force and effect and has applied to Defendants' conduct.

54. At all times relevant to this action, the ACA incorporated the definition of disability in the Rehabilitation Act, 29 U.S.C. § 705(9).

55. At all times relevant to this action, Plaintiff has had substantial limitations to the major life activities and has been an individual with a disability within the meaning of the Rehabilitation Act, 29 U.S.C. § 705(9) and the ACA, 42 U.S.C. § 18116.

56. At all times relevant to this action, Defendants received federal financial assistance, including Medicare and/or Medicaid reimbursements, and have been principally engaged in the

business of providing health care. Therefore, Defendants are health programs or activities receiving federal financial assistance pursuant to 42 U.S.C. § 18116(a).

57. Pursuant to the ACA, "an individual shall not, on the ground prohibited under . . . section 504 of the Rehabilitation Act of 1973 (29 U.S.C. § 794), be excluded from participation in, be denied the benefits of, or be subjected to discrimination under, any health program or activity, any part of which is receiving Federal financial assistance." 42 U.S.C. § 18116.

58. Federal regulations implementing the ACA provide the following purpose: "[p]rohibiting discrimination under any health program or activity receiving Federal financial assistance…on the grounds of…disability…" 45 C.F.R.§ 92.1.

59. Federal regulations implementing the ACA provide that "[e]ach facility or part of a facility in which health programs or activities are conducted that is constructed or altered by or on behalf of, or for the use of, a recipient or State Exchange shall comply with 2010 Standards, if the construction or alteration was commenced after July 18, 2016…"45 C.F.R.§ 92.103(a).

60. As set forth above, Defendants discriminated against Plaintiff on the basis of her disabilities, in violation of the ACA and its implementing regulations.

61. As set forth above, Defendants discriminated and continue to discriminate against Plaintiff solely on the basis of her disabilities, denying her meaningful access to the services, program, and benefits that the Medical Facility offers to other individuals, by failing to comply with architectural accessibility standards in violation of the ACA, 42 U.S.C. § 18116.

62. Defendants discriminated against Plaintiff by failing to comply with architectural accessibility standards at the Medical Facility.

63. Defendants have failed to comply with accessibility standards for buildings and facilities and have not implemented policies, procedures, and practices to identify, remediate, and/or remove architectural barriers to access at the Medical Facility, and have denied reasonable accommodations in violation ACA. As set out above, absent injunctive relief, there is a clear risk that Defendants' actions will recur again with Plaintiff and other disabled patients and visitors to

the Medical Facility.

64. Plaintiff is therefore entitled to injunctive relief; attorney's fees, costs, and disbursements; and compensatory damages for the injuries and loss he sustained as a result of Defendants' discriminatory conduct and deliberate indifference as hereinbefore alleged, pursuant to 42 U.S.C. § 18116(a).

WHEREFORE, Plaintiff requests relief as outlined below.

## FOURTH CAUSE OF ACTION:

## VIOLATION OF THE CALIFORNIA DISABLED PERSONS ACT

### [Cal. Civ. Code § 54 *et seq.*]

### (Against all Defendants and Each of Them)

65. Plaintiff repleads and incorporates by reference, as if fully set forth hereafter, the allegations contained in all paragraphs of this Complaint and incorporates them here as if separately repled.

66. The subject facilities are a place of public accommodation and/or places to which the public is invited and, as such, they are obligated to comply with the provisions of the Disabled Persons Act ("CDPA"), California Civil Code § 54 *et seq.*

67. The CDPA guarantees, among other things, that persons with disabilities have the same right as the public to the full and free use of the streets, highways, sidewalks, walkways, public buildings, public facilities, and other public places. California Civil Code § 54.

68. The CDPA also guarantees, among other things, that persons with disabilities are entitled to full and equal access, as other members of the public, to accommodations, advantages, facilities, and privileges of covered entities. California Civil Code § 54.1(a) (1).

69. Defendants have violated the CDPA by, among other things, denying and/or interfering with Plaintiff's right to full and equal access as other members of the public to the accommodations, advantages, at the Medical Facility due to her disability.

70. Further, each and every violation of the Americans With Disabilities Act of 1990 (as pled in the First Cause of Action, *infra,* the contents of which are repled and incorporated here, word

for word, as if separately repled), also constitutes a separate and distinct violation of California Civil Code § 54(c), thus independently justifying an award of damages under California law.

71. Further, each and every violation of the Americans With Disabilities Act of 1990 (as pled in the First Cause of Action, *infra*, the contents of which are repled and incorporated here, word for word, as if separately repled), also constitutes a separate and distinct violation of Civil Code § 54.1(d), thus independently justifying an award of damages under California law.

72. For each offense of the CDPA, Plaintiff seeks actual damages (both general and special damages), and not less than the statutory minimum damages of one thousand dollars ($1,000) for each offense.[1]

WHEREFORE, Plaintiff requests relief as outlined below.

## FIFTH CAUSE OF ACTION:

## VIOLATION OF THE CALIFORNIA HEALTH AND SAFETY CODE

### [Cal. Health and Safety Code §§19955 *et seq.*]

### (Against all Defendants and Each of Them)

73. Plaintiff repleads and incorporates by reference, as if fully set forth hereafter, the allegations contained in all paragraphs of this Complaint and incorporates them herein as if separately repled.

74. Health & Safety Code §19955 provides in pertinent part:

> The purpose of this part is to ensure that public accommodations or facilities constructed in this state with private funds adhere to the provisions of Chapter 7 (commencing with Sec. 4450) of Division 5 of Title 1 of the Government Code. For the purposes of this part "public accommodation or facilities" means a building, structure, facility, complex, or improved area which is used by the general public and shall include auditoriums, hospitals, theaters, restaurants, hotels, motels, stadiums, and convention centers. When sanitary facilities are made available for the public, clients or employees in such accommodations or facilities, they shall be made available for the handicapped.

75. Health & Safety Code §19956, which appears in the same chapter as §19955, provides in

---

[1] Plaintiff does not allege a violation of Civil Code § 55 and does not seek any relief under Civil Code § 55.

pertinent part, "accommodations constructed in this state shall conform to the provisions of Chapter 7 (commencing with Sec. 4450) of Division 5 of Title 1 of the Government Code … ." Health & Safety Code §19956 was operative July 1, 1970, and applies to all public accommodations constructed or altered after that date.

76. On information and belief, portions of the Medical Office and/or of the building(s) were constructed and/or altered after July 1, 1970, and substantial portions of the Medical Facility and/or the building(s) had alterations, structural repairs, and/or additions made to such public accommodations after July 1, 1970, thereby requiring the Medical Facility to be subject to the requirements of Part 5.5, §19955, *et seq.,* of the Health & Safety Code upon such alteration, structural repairs or additions per Health & Safety Code §19959.

77. Under the authority delegated by Government Code §4450, et seq, the State Architect promulgated regulations for the enforcement of these provisions. Effective July 1, 1982, Title 24 of the California Building Standards Code adopted the California State Architect's Regulations, and these regulations must be complied with as to any alterations and/or modifications of the Medical Facility and/or the building(s) occurring after that date. Construction changes before this date but after July 1, 1970 triggered access requirements under the "ASA" requirements, the American Standards Association Specifications, A117.1-1961.

78. On information and belief, at the time of the construction and modification of said building, all buildings and facilities covered were required to conform to each of the standards and specifications described in the American Standards Association Specifications and/or those contained in the California Building Code.

79. The Medical Office is a "public-accommodations or facilities" within the meaning of Health & Safety Code §19955, *et seq*.

80. As a result of the actions and failure to act of Defendants, and because of the failure to provide proper and legally accessible public facilities, Plaintiff was denied her right to full and equal access to public facilities and suffered a loss of civil rights and rights as a person with

physical disabilities to full and equal access to public facilities.

WHEREFORE, Plaintiff requests relief as outlined below.

### SIXTH CAUSE OF ACTION: NEGLIGENCE

**(Against All Defendants and Each of Them)**

81. Plaintiff repleads and incorporates by reference, as if fully set forth hereafter, the allegations contained in all paragraphs of this Complaint and incorporates them herein as if separately repled.

82. Plaintiff is informed and believes and alleges that Defendants, and each of them, owed a duty of care to Plaintiff to keep the Medical Office in a safe condition by, among other things, preventing/curing/removing the dangerous conditions.

83. Plaintiff is informed and believes and alleges that Defendants, and each of them, owed a duty of care to Plaintiff because they owned, leased, rented, occupied, possessed, designed, constructed, developed, operated, inspected, repaired, maintained, modified, managed, controlled, and/or supervised, the subject premises, permitted or created the dangerous conditions, and/or were employed at the subject premises.

84. Plaintiff is informed and believes and alleges that Defendants, and each of them, also owed a duty of care to Plaintiff by undertaking the task of removing, fixing and/or curing dangerous condition and/or under special relationship existing between Plaintiff and Defendants.

85. Plaintiff is informed and believes and alleges that Defendants, and each of them, breached the above-mentioned duty of care because they negligently and carelessly owned, leased, rented, occupied, possessed, designed, constructed, developed, operated, inspect, repaired, maintained, modified, managed, controlled and/or supervised the subject premises, permitted or created the dangerous condition, increased the risk of harm or created false sense of safety (reliance on the undertaking) at the Medical Office to cause Plaintiff to encounter the dangerous and deceptive condition and thereby directly causing the injuries and damages to Plaintiff as described herein. Plaintiff also relied on the acts/omissions of the Defendants, and

each of them, to her detriment.

86. Plaintiff also alleges negligence against Defendants under negligence per se. To establish a claim for negligence per se, Plaintiff must prove these elements: (1) Defendants violated a statute, ordinance, or regulation of a public entity; (2) That violation was a substantial cause of Plaintiff's injuries; (3) such injury was of the kind that the statute, ordinance, or regulation of a public entity was designed to prevent; and (4) Plaintiff belonged to the class of persons for whose protection the statute, ordinance, or regulation of a public entity was adopted.

87. Here, as previously alleged, Defendants violated and continue to be in violation of the Americans with Disabilities Act; the Unruh Act; the Disabled Persons Act; the 1991 and/or 2010 Standards for Accessible Design and the California Building Code. The violation of these statutes and regulations was a substantial cause of Plaintiff's injuries; the injury suffered by Plaintiff was the type of injuries these statutes and regulations were designed to prevent; and Plaintiff, a disabled person, is exactly the type of person for whom these statutes and regulations were adopted.

88. As a direct result of the conduct of Defendants, and each of them, Plaintiff was hurt and injured in her health, strength, activity, sustaining injuries to her body and shock and injury to her nervous system and person, all of which said injuries caused Plaintiff physical pain and suffering.

**PRAYER FOR RELIEF**

1. Plaintiff has no adequate remedy at law to redress the wrongs suffered as set forth in this Complaint. Plaintiff has suffered and will continue to suffer irreparable injury because of the unlawful acts, omissions, policies, and practices of the Defendants as alleged herein, unless Plaintiff is granted the relief he requests. Plaintiff and Defendants have an actual controversy and opposing legal positions as to Defendants' violations of the laws of the United States and the State of California. The need for relief is critical because the rights at issue are paramount under the laws of the United States and the State of California.

WHEREFORE, Plaintiff prays for judgment and the following specific relief against Defendants:

2. Issue a declaratory judgment that Defendants' actions, omissions, and failures violate and continue to violate the law, including, but not limited to, the following: failing to construct and/or alter the subject premises in compliance with applicable federal and state access regulations/codes/requirements, failing to remove access barriers where "readily achievable," failing to make reasonable modifications in policy and practice for Plaintiff;

3. Issue a preliminary and permanent injunction enjoining Defendants, their agents, officials, employees, and all persons and entities acting in concert with them:[2]

   a. From continuing the unlawful acts, conditions, and practices described in this Complaint;
   b. To provide reasonable modifications in policies and practices for persons with mobility disabilities to ensure access to all services, facilities, and accommodations at the Medical Facility;
   c. To modify the Medical Facility and related facilities to provide full and equal access to persons with mobility disabilities, including removal of all barriers that violate applicable federal and state access regulations, codes, and requirements;
   d. To maintain such accessible features once they are provided;
   e. To train Defendants' employees and agents on how to accommodate the rights and needs of mobility disabled persons; and
   f. To implement nondiscrimination protocols, policies, and practices to ensure full and equal access for persons with mobility disabilities;

4. Retain jurisdiction over the Defendants until the Court is satisfied that Defendants' unlawful policies, practices, acts, omissions, failure to maintain accessible public facilities as complained of herein no longer occur, and cannot recur;

---

[2] Plaintiff does not seek an injunction under California Civil Code § 55.

5.	Award to Plaintiff all appropriate damages, including, but not limited to, statutory damages, general damages, treble damages, and punitive damages in amounts within the jurisdiction of the Court, all according to proof;

6.	Award to Plaintiff all reasonable statutory attorney fees, litigation expenses, and costs of this proceeding as provided by law;

7.	Award pre- and post-judgment interest as permitted by law; and

8.	Grant any other relief that this Court may deem just and proper.

Dated: June 19, 2024                                    ALLACCESS LAW GROUP

*/s/ Irakli Karbelashvili*
BY: IRAKLI KARBELASHVILI
Attorneys for Plaintiff
ELEANOR FORESTA

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

Dated: June 19, 2024     ALLACCESS LAW GROUP

*/s/ Irakli Karbelashvili*
BY: IRAKLI KARBELASHVILI
Attorneys for Plaintiff
ELEANOR FORESTA